FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 30, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARIN DUANE M., <br><br>  Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>  Defendant. | No. 2:18-CV-00180-RHW <br><br> **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 12, 13. Plaintiff brings this action seeking judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner of Social Security's final decision, which denied his application for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § 401-434, and his application for Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §1381-1383F. *See* Administrative Record (AR) at 1, 16, 27. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## I. Jurisdiction

Plaintiff filed his applications for Disability Insurance Benefits and Supplemental Security Income on September 15, 2015. *See* AR 16, 228-239, 241-255. His initial alleged onset date of disability was January 1, 2009, which he later amended to March 1, 2015. AR 16, 47, 228. Plaintiff's applications were initially denied on January 21, 2016, *see* AR 141-149, and on reconsideration on March 15, 2016. *See* AR 153-164. Plaintiff then filed a request for a hearing on March 27, 2016. AR 165-66.

A hearing with Administrative Law Judge ("ALJ") Mark Kim occurred on May 2, 2017. AR 16, 44, 46. On July 18, 2017, the ALJ issued a decision concluding that Plaintiff was not disabled as defined in the Act and was therefore ineligible for disability benefits or supplemental security income. AR 13-27. On April 9, 2018, the Appeals Council denied Plaintiff's request for review, AR 1-7, thus making the ALJ's ruling the final decision of the Commissioner. *See* 20 C.F.R. § 404.981.

On June 7, 2018, Plaintiff timely filed the present action challenging the denial of benefits. ECF No. 3. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are so severe that the claimant is not only unable to do his or his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572, 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571, 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09, 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether one of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Even if the evidence in the record is susceptible to more than one rational interpretation, if inferences reasonably drawn from the record support the ALJ's decision, then the

court must uphold that decision. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954-59 (9th Cir. 2002).

## IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was 48 years old on the amended alleged date of onset, which the regulations define as a younger person. AR 89; *see* 20 C.F.R. § 404.1563(c). He graduated from high school and can communicate in English. AR 25, 49, 303, 305. Plaintiff has past relevant work as a night auditor, hotel clerk, fish cleaner, pie baker, cashier, and landscaper. AR 25, 292, 306.

## V. The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act at any time from March 1, 2015 (the amended alleged onset date) through July 18, 2017 (the date the ALJ issued his decision). AR 26-27.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date (citing 20 C.F.R. § 404.1571 *et seq*.). AR 17.

**At step two**, the ALJ found Plaintiff had the following severe impairments: major depressive disorder, generalized anxiety disorder, personality disorder, and degenerative disc disease of the lumbar spine (citing 20 C.F.R. § 404.1520(c)). AR 17.

**At step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, Appendix 1. AR 19.

**At step four**, the ALJ found that Plaintiff had the residual functional capacity to perform light work, including the abilities to occasionally stoop, occasionally climb ramps and stairs, and occasionally interact with the public and co-workers. AR 20. However, the ALJ found that Plaintiff's work needed to be limited to simple, routine tasks that did not involve fast-paced or production line-type work. AR 20. The ALJ also found that he could not climb ladders or scaffolds, or be exposed to unprotected heights. AR 20. Given these physical and mental limitations, the ALJ concluded that Plaintiff was unable to perform any past relevant work. AR 25.

**At step five**, the ALJ found that in light of Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that he could perform. AR 25. These included a house cleaner, a cafeteria attendant, and a price marker. AR 26.

## VI.  Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. ECF No. 12 at 12. Specifically, he argues the ALJ: (1) improperly discredited his subjective pain complaint

testimony; (2) improperly weighed the medical opinion evidence; and (3) did not include all his mental limitations in the hypothetical to the vocational expert. *Id.*

### VII. Discussion

**A.  The ALJ did not Improperly Reject Plaintiff's Subjective Complaints**

Plaintiff argues the ALJ erred by discounting the credibility of his testimony regarding his subjective symptoms. ECF No. 12 at 12-13. Specifically, he argues that the ALJ erred by discounting his testimony in part on the bases that he spends every day playing video games at the local library and also that he had not sought medical treatment since May 2016. *Id.* at 12.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, the ALJ can reject the claimant's testimony about the severity of his symptoms only by offering "specific, clear, and convincing reasons" for doing so. *Id.*

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's

reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce some degree of the symptoms Plaintiff alleged. AR 21. However, the ALJ determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. AR 21.

The ALJ offered multiple clear and convincing reasons for discrediting Plaintiff's subjective complaint testimony. *See* AR 21. First, the ALJ reasoned that Plaintiff never meaningfully sought treatment for his allegedly disabling impairments. AR 21. The ALJ noted that Plaintiff regularly went to a Community Health Association of Spokane (CHAS) clinic in 2013 for medication management, but only attended a very limited number of follow-up visits after that. AR 21; *see* AR 403-497, 546-563. In May 2016, he stopped seeking medical treatment altogether. AR 21; *see* AR 52, 54, 548-552. Plaintiff testified that he stopped attending treatment—including counseling—because he had an adverse reaction to a prescribed medication around this time. AR 50-51. He stated, "I just

decided I didn't want them messing with me anymore." AR 51. He testified that he was "in the process of going back to mental health and behavioral health." AR 51. An ALJ may properly discount a claimant's subjective complaints based on unexplained or inadequately explained failure to seek treatment. *Smolen*, 80 F.3d at 1284; *Molina*, 674 F.3d at 1114; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). If a claimant's conditions are not severe enough to motivate them to seek treatment, this calls their alleged limitations into question. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

Plaintiff argues that he did in fact explain his failure to seek treatment. ECF No. 12 at 12, 14. He argues that he stopped attending counseling because he had an adverse reaction to his prescribed medications, and that he had begun the process of reapplying for mental health treatment at the time of the hearing. *Id.* at 14 (citing AR 51-53). However, the ALJ expressly considered these arguments and concluded that they did not adequately explain Plaintiff's decision to stop attending treatment. *See* AR 21. Substantial evidence supports this determination. *See Thomas*, 278 F.3d at 959.

Second, the ALJ discounted Plaintiff's subjective complaints because of inconsistencies between his testimony and his behavior, as well as inconsistencies within his testimony itself. *See* AR 21. Plaintiff testified that his disabling psychological symptoms began when he overdosed on methamphetamine in the

early 1980s, which he believed gave him permanent brain damage. AR 70. He testified that his symptoms have "always been there since that day." AR 70. Despite this, Plaintiff was able to work full-time throughout his adult life, last working in March 2015. AR 21, 265, 292, 314. The ALJ also focused on Plaintiff's initial testimony that his lumbar condition was the "least of [his] problems." AR 64. However, Plaintiff later testified that "the pain in [his] back" was one of his primary debilitating conditions. AR 66; *see also* AR 67. The ALJ properly relied on these discrepancies to discount Plaintiff's credibility, *see Smolen*, 80 F.3d at 1284, which Plaintiff does not contest. *See* ECF No. 12 at 12-13.

Finally, the ALJ discounted Plaintiff's subjective complaints of completely disabling limitations because they were belied by his daily activities. AR 21. Despite Plaintiff's allegations of disabling limitations, the ALJ noted that "he spent his days, every day in fact, playing video games at the local library." AR 21; *see* AR 73 (Plaintiff's testimony). Activities inconsistent with the alleged symptoms are proper grounds for questioning the credibility of subjective complaints. *Molina*, 674 F.3d at 1113; *see also Rollins*, 261 F.3d at 857; 20 C.F.R. § 404.1529(c)(3)(i).

Plaintiff cites several Ninth Circuit cases holding that a claimant's ability to perform some daily activities, such as grocery shopping, cooking, watching television, driving, etc., does not necessarily detract from his or her credibility.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 11

ECF No. 12 at 13 (citing *Vertigan v. Halter*, 260 F.3d 1044, 1049-50 (9th Cir. 2001); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). This can be the case when the activities either do not consume a substantial part of the claimant's day, or because the activities are not transferable to a work setting. *See Vertigan*, 260 F.3d at 1049-50; *Fair*, 885 F.2d at 603.

Plaintiff is correct that ALJs must be cautious when concluding that daily activities are inconsistent with pain testimony, given that many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication. *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014). However, if the claimant's level of activity is inconsistent with the limitations he or she claims to have, this has a bearing on the claimant's credibility. *Id.*; *accord Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). In this case, Plaintiff testified that he suffered from severe back pain, headaches, migraines, and an inability to concentrate on anything. AR 66, 68-69, 71. He testified that he also suffered from severe anxiety and could not interact with or be around people. AR 71-72. He also testified that he had severe carpal tunnel syndrome and that whenever he uses his hands, they "get numb and swell up." AR 75. He testified he could "never sit down and write a letter" because his "hand would go numb and swell up." AR 76. Because these complaints were in fact inconsistent with his testimony that he plays video games at the library "all day long, every day," AR

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 12

73, this was therefore a proper basis for discounting his credibility. *See Garrison*, 759 F.3d at 1016.

When the ALJ presents a reasonable interpretation that is supported by substantial evidence, it is not the Court's role to second-guess it. For the reasons discussed above, the ALJ did not err when discounting Plaintiff's subjective complaint testimony because the ALJ provided multiple clear and convincing reasons for doing so.

**B.     The ALJ did not Err in Weighing the Medical Opinion Evidence**

Plaintiff argues that the ALJ erred in evaluating and weighing the medical opinion evidence. ECF No. 12 at 13-14. He appears to argue that the ALJ generally gave too much weight to the non-examining physicians' opinions and too little to those of the examining physicians. *Id.*

Title II's implementing regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (non-examining physicians). *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001); *see* 20 C.F.R. § 404.1527(c)(1)-(2). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining

physician's opinion carries more weight than a non-examining physician's. *Holohan*, 246 F.3d at 1202.

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted). If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing "specific and legitimate reasons that are supported by substantial evidence." *Id.*

In this case, the ALJ gave partial weight to the opinion of the non-examining medical consultant, partial weight to the opinion of Plaintiff's treating physician's assistant, partial weight to the opinions of the two psychological consultants, substantial weight to the opinion of the non-examining medical expert who testified at the hearing, and little weight to the opinions of two examining psychologists. AR 23-24. The reason why the ALJ assigned little weight to the opinions of the two examining psychologists was because their reports both noted Plaintiff's symptom exaggeration, lack of effort, and the possibility of malingering. AR 24; *see* AR 378-392, 393-397.

Plaintiff does not identify any treating or examining doctor's opinion that was contradicted or rejected, or that he believes the ALJ improperly considered. ECF No. 12 at 13-14. Instead, he appears to argue that the ALJ just generally gave

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 14

more weight to the non-examining physicians' opinions and less weight to those of the examining physicians. *Id.* However, ALJs are required to consider—and also entitled to rely on—non-examining physicians' opinions. *See* 20 C.F.R. § § 404.1513a(b)(1). While ALJs may not reject a treating or examining physician's opinion based *solely* on the opinion of a non-examining physician, *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995), that is not what happened here. The ALJ determined Plaintiff's residual functional capacity by incorporating portions of all the medical providers' opinions. *See* AR 23-24. The ALJ discounted the opinions of the two examining psychologists because their reports noted evidence of malingering, which was proper. *See Bisuano v. Colvin*, No. 12-CV-00049-CI, 2013 WL 3989651, at *4 (E.D. Wash. 2013) (holding that the ALJ properly discounted doctor's opinion, given evidence of Plaintiff's malingering). For these reasons, the ALJ did not err in evaluating and weighing the medical opinion evidence.

## C. The ALJ did not Err in Framing the Hypothetical Question for the Vocational Expert

Plaintiff also argues that the ALJ erred in framing the hypothetical question for the vocational expert because the question did not include all of Plaintiff's mental limitations. ECF No. 12 at 14. However, the hypothetical the ALJ posed to the vocational expert was consistent with the ALJ's findings relating to Plaintiff's residual functional capacity. *Compare* AR 20 *with* AR 81-82. The ALJ included all of Plaintiff's limitations, and the only omitted limitations were those that the ALJ

found did not exist. Plaintiff's argument here essentially just restates his prior arguments that the residual functional capacity did not account for all his limitations. Courts routinely reject this argument. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008); *Rollins*, 261 F.3d at 857.

## VIII. Order

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED.**
2. Defendant's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED.**
3. Judgment shall be entered in favor of Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel, and close the file.

**DATED** this 30th day of August, 2019.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge